UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SOMPORN SYTHANDONE,

                     Petitioner,

     v.

TODD BLANCHE et al.,

                  Respondents.

CASE NO. 2:26-cv-01963-DGE

ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 1) AND MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 2)

Petitioner Somporn Sythandone has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action.  (Dkt. No. 1.)  Pursuant to 28 U.S.C. § 1915(a), the Court may permit an indigent litigant to proceed IFP if the litigant submits an affidavit that declares all assets, the nature of the action, and an entitlement to redress.  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life."  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks removed).  "This

generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance." *Portillo v. US Citizenship & Immigr. Servs.*, No. C21-5312BHS, 2021 WL 3015201, *1 (W.D. Wash. June 2, 2021). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Petitioner's IFP application establishes his indigency. He states he is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") and has been May 2026. (Dkt. No. 1 at 2; 1-1 at 2.) Petitioner attaches a page of records to his IFP application detailing his purchases of phone time, mail, and commissary during his detention. (Dkt. No. 1 at 4.) Based on the foregoing, the Court is satisfied Petitioner appears to have limited funds available to afford the filing fee and GRANTS Petitioner's IFP application.

Also pending before the Court is Petitioner's motion for appointment of counsel. (Dkt. No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). It appears from Petitioner's petition that appointment of counsel may be warranted in this instant action. (*See* Dkt. No. 1-1.) Furthermore, the Court notes that the Federal Public Defender's Office filed both Petitioner's IFP application and his motion to appoint counsel. (*See*

*generally docket*.)  Therefore, the Court GRANTS the motion to appoint counsel (Dkt. No. 2) and ORDERS Assistant Federal Public Defender Nancy Tenney to represent Petitioner.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (DKT. NO. 1) AND MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 2) - 3